UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **ANTHONY DALE SMITH,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | CV 07-J-2089-NW |
| ] | |
| **MICHAEL J. ASTRUE,** ] | |
| **Commissioner of the Social** ] | |
| **Security Administration**, ] | |
| ] | |
| Defendant. | |

## MEMORANDUM OPINION

This matter is before the court on the record and the briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

The plaintiff filed an application for Disability Insurance Benefits due to depression; anxiety/panic attacks; and leg, back and arm problems (R. 115). He also suffers from borderline intellectual functioning (R. 203-209). His application was denied initially (R. 38-42) and again by an Administrative Law Judge on May 29, 2007 (R. 13-25). The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 5-7).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). The court has carefully reviewed the entire record in this case and is of the opinion that the

Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The plaintiff argues that the ALJ erred in failing to attribute any mental limitation to plaintiff's ability to perform the full range of light work and by ignoring the state agency psychologist; erred in relying on vocational expert testimony that conflicted with the Dictionary of Occupational Titles; erred in finding that the plaintiff could perform the full range of light work; and erred in his finding of credibility.

Given the evidence, the testimony of the plaintiff, and the activities in which the plaintiff stated he engaged, the court finds no error in the ALJ's determination that the plaintiff could perform the full range of light work and hence return to his past relevant work as a truck driver, electrician helper, packer and sales representative (R. 24).  The court finds that the ALJ's failure to adopt in full the opinion of the state agency psychologist was not against the substantial weight of the evidence.  The ALJ noted that the state agency psychologist did not have the updated records which were received prior to the hearing (R. 18).  Additionally, the ALJ noted that the state agency psychologist's opinion was inconsistent with the two psychologists who actually examined the plaintiff (R. 18).

The court also finds no error in the ALJ's decision not to ask the VE any hypothetical questions due to the ALJ's determination that the plaintiff could return to his past relevant work.  *See e.g., Fries v. Commissioner of Social Security Admin.,* 196 Fed.Appx. 827, 832 (11th Cir.2006), citing *Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir.1990).  Similarly, there is no merit to plaintiff's argument that the ALJ's finding that the plaintiff could perform the full range of light work is erroneous, as the record is replete with medical evidence supporting this finding.  Upon examination of the plaintiff, Dr. Clarke Woodfin noted no

signs of pain consistent with the plaintiff's allegation of back problems, and found no sign of spasm, tenderness or deformity, noting the plaintiff had full range of motion in his back, shoulders, hips, knees and ankles (R. 212). Although Dr. Woodfin did note a decrease of range of motion in plaintiff's left elbow, it was not a significant impairment (R. 212). X-rays taken of plaintiff's back, ankles, knees and hands showed only mild degenerative changes in plaintiff's right knee (R. 214). At his hearing, the plaintiff testified he could lift twenty pounds (R. 294).

Given the evidence presented to the ALJ and this court, the court cannot conclude the decision of the ALJ was against the weight of the evidence. Accordingly, the decision of the Commissioner must be affirmed.

Done, this 25th day of August, 2008.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE